UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| STANLEY WILLIAM FOSS, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 14-258-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Stanley William Foss, III, is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Through counsel, Foss has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he contends that the Bureau of Prisons ("BOP") has failed to properly credit time he spent in pretrial custody against his federal sentence. [Record No. 1]

**I**

On July 29, 2010, a federal grand jury sitting in Allentown, Pennsylvania indicted Foss on charges of receiving approximately fifty pounds of black powder explosive from Arkansas, and possession of multiple firearms and ammunition, after having previously been convicted of a felony and committed to a psychiatric institution, all in violation of 18 U.S.C. §§ 842(i), 844(a), and 922(g)(1). Three days later, Foss was transferred from state to federal custody.

In October 2011, Foss pleaded guilty to the above charges. On May 14, 2012, the court entered a judgment sentencing Foss to a 33-month term of incarceration for each count,

with each term to run concurrently with all others. The judgment included a number of recommendations to the BOP, including a recommendation for mental health treatment, dental care, and placement in a halfway house as soon as possible. However, the judgment was silent regarding calculation of Foss's sentence. *United States v. Foss*, No. 10-CR-494-LS (E.D. Pa. 2010).

During the May 14, 2012, sentencing hearing, Foss spoke on a number of topics, some of which touched on calculation of his sentence. For instance, he stated:

> [W]hat I am asking you for, Your Honor, is time served for a number of reasons, not the least of which is because of the way they have to calculate time. Let's just say I've been in jail for 34 months. If you say your sentence is 34 months that still means that I'll be in there for about two to three months because they have to calculate the time, and good time, and things like that.

[Record No. 1-3, p. 5] During that hearing, the Court indicated that Foss had been in state custody on state probation violations since July 2009, and was indicted on his federal charges in August 2010. [*Id.*, p. 9] The Court then stated:

> Well, I will give him credit for all the time he has spent in custody on this charge. I think that this is going to be something for the Bureau of Prisons to work out, but they are going to have to -- in fact, they will do what they are going to do in any event.
>
> But, if he was in custody since 2009 on this charge, then the Bureau of Prisons will give him credit. But, I think it's more likely that he will have credit from July 29th of 2010, and the time from 2009 through July of 2010, or early August 2010 will run on the York PV.

[Record No. 1-3, pp. 9-10]

Counsel for Foss later clarified for his client that prior custody credits are calculated by the BOP, not the court:

> Mr. Peruto: I will explain to the defendant, Judge. Even if you ordered the government to calculate that he was -- a credit for time from 2009, they can say pooh --

> Court: Right.
>
> Mr. Peruto: -- and not even file the order. It will be calculated by the Bureau of Prisons.
>
> Defendant. Okay.
>
> Mr. Peruto: Judge Stengel has no affect on them.

[Record No. 1-3, p. 12]

Foss did not file an appeal or seek to collaterally attack either the judgment imposed or the sentence. While Foss expressed his belief during the May 2012 sentencing hearing that the BOP would release him a few months after being taken into BOP custody, a review of the Court's online PACER database establishes that Foss did not file any legal proceeding challenging the BOP's calculation of his sentence until the present petition was submitted in June 2014.

Foss should have been aware by at least August 2012 that the BOP would not be granting him the pretrial custody credits he had been expecting. Indeed, it was not until February 25, 2014, that Foss first challenged the BOP's calculation of his sentence in an inmate request to staff. In that form, he contended — as he had nearly two years before — that he was in exclusive federal custody beginning in August 2010. The BOP denied his request, stating that Foss was initially in state custody, and was only taken into federal custody pursuant to a writ (presumably of habeas corpus *ad prosequendum*) on August 3, 2010. Following his federal sentencing, Foss was returned to state custody where he remained until he was paroled on June 28, 2012, at which time he began serving his federal sentence. [Record No. 1-5]

Foss filed a formal grievance with the warden on March 19, 2014. The Warden responded on March 28, 2014. Foss was on probation from prior 2007 Pennsylvania convictions for possession of child pornography, reckless endangerment, and criminal mischief when he was arrested by Pennsylvania State Police on August 7, 2009, for separate charges of possession of weapons, ammunition, and explosives. Following his federal sentencing, Foss was returned to Pennsylvania custody. On June 28, 2012, Pennsylvania authorities sentenced Foss to time served for violating the terms of his probation, and he was surrendered to the BOP pursuant to a detainer to begin service of his federal sentence. The Warden, therefore, denied Foss's grievance, noting that Pennsylvania possessed primary custody over him, and that 18 U.S.C. § 3585(b) precluded crediting the time from Foss's initial arrest to the date of his federal conviction and sentencing against his federal sentence because it had already been applied against his Pennsylvania probation revocation sentence. The Warden's denial letter advised Foss that he must file any appeal within 20 days to the Mid-Atlantic Regional Office. [Record No. 1-6] Foss concedes in his petition that he failed to do so, but contends there was "not enough time to seek relief through the remainder of the administrative process." [Record No. 1, p. 4]

In his current petition, Foss contends that as a result of the federal sentencing Judge's comments from the bench, the BOP was required to credit against his 33-month federal sentence the 22 months he spent in custody from early August 2010 (when he was taken into federal custody on the writ) to late May 2012 (when his federal sentence was imposed). As a result, Foss argues that he completed service of his federal sentence in approximately April

2013.[1] Foss vaguely contends that the BOP's refusal to release him by that date violates his right to due process. [Record No. 1-1, pp. 8-12]

II

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Having reviewed the petition, the Court will deny relief because Foss did not exhaust his administrative remedies prior to filing suit and there is no plausible justification for his failure to do so. In addition, Foss's claims are substantively without merit.

Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92–94 (2006). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-*

---

1   Although it is immaterial to the resolution of his petition, Foss's estimate fails to account for either the time he spent in exclusive Pennsylvania custody in June 2012 or for the good conduct time credits under 18 U.S.C. § 3624 that could advance his presumptive release date.

*Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996).

Here, Foss concedes that he did not complete the inmate grievance process before filing suit, but contends that doing so would be "futile" because there would not be enough time to complete the process before his impending release by the BOP in November 2014. [Record No. 1, p. 4] Under the circumstances, this argument is wholly meritless.

The futility exception upon which Foss relies applies only in certain, narrowly-defined, circumstances. Specifically, a court may waive the exhaustion requirement as futile where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689–90 (E.D. Ky. 2004) (citing *James v. United States Dept. of Health and Human Servs.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)). The present case does not present such circumstances. Rather, Foss contends that there is simply not enough time to complete the grievance process. While courts have generally accepted the proposition that such circumstances might excuse exhaustion in the extraordinary case, such arguments are rightly viewed with skepticism and require a keen showing that the circumstances where entirely unavoidable. *Cf. Wilson v. Keffer*, No. 08-1961, 2009 WL 1230020, at *3 (W.D. La. May 5, 2009) ("[Petitioner] claims that further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone. However, this, in and of itself, is not such an extraordinary circumstance to warrant waiver of the exhaustion requirement.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973)); *Wolff v. Cruz*, No. 09-CV-437-PJS/AJB, 2009 WL 2143692, at *3 (D. Minn. July 14, 2009).

As noted above, as early as May 14, 2012, Foss was, or should have been, aware that the BOP would release him from prison by approximately April 2013 if he was granted the requested credit. Further, by August 2012, when Foss had been transferred into BOP custody, the BOP would have advised Foss of his anticipated release date. Yet Foss apparently failed to take any action during the Fall 2012 or even in April 2013 when his expected release date had come and gone. Instead, he waited until a year later, with his formal release date rapidly approaching, before filing a grievance on the subject. A court might reasonably excuse satisfaction of the exhaustion requirement as futile if ordinary administrative delay in processing the petitioner's claim may render the issue moot. But here, the BOP's inability to reach a final decision before Foss's release was caused entirely by Foss's own failure to timely challenge the calculation. The Court will not exercise its prudential authority to excuse the exhaustion requirement where the potential mootness about which Foss complains is an entirely self-inflicted injury.[2]

Even if Foss's failure to exhaust his administrative remedies could be excused, his claim is substantively without merit. The BOP properly refused to "double count" his pretrial custody credits and a sentencing judge has no authority to direct the BOP to calculate a defendant's sentence in a particular manner. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute.

---

2    The Court separately notes that, had Foss appealed the warden's March 28, 2014, denial and continued with the grievance process instead of simply abandoning it, the BOP would have been required to reach a final decision by July 26, 2014, under the required time frames set forth in its regulations. See 28 C.F.R. §§ 542.15, 542.18.

(a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

Pennsylvania obtained "primary custody" over Foss when it arrested him in August 2009. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992). Although Foss was temporarily transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* in August 2010, he remained in Pennsylvania's "primary custody." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998). Because Foss seeks credit for the approximately 22 months he spent in pretrial custody between August 2010 and June 2012 before his federal sentence commenced, its availability is governed by Section 3585(b).

However, this time period was already credited against Foss's state probation violation sentence. [Record No. 1-6] Therefore, it may not be "double counted" against his federal sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("[A] defendant [can] not receive a double credit for his detention time" under § 3585(b).); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003); *see also United States v. Lytle*, 565 F. App'x 386,

392 (6th Cir. 2014). Thus, the BOP properly concluded that § 3585(b) prohibits the sentencing credit. *Cf. Watkins v. Holland*, No. 6:13-12-DCR, 2013 WL 5676231, at *2–3 (E.D. Ky. Oct. 18, 2013).

Likewise, the sentencing judge's informal comments from the bench do not change the result. As a threshold matter, those comments indicate the Judge's awareness that calculation of prior custody credits is a matter determined by the BOP, not the sentencing court. [Record No. 1-3, pp. 9-10, 12] At most, the comments indicated the court's expectation, and ultimately an incorrect one, that Foss would be entitled to the pretrial custody credit since August 2010. Further, any such expectation was never stated as a mandatory direction to the BOP and was not included in the judgment in any form, not even as one of the court's recommendations.

Even assuming the court directly and clearly ordered the BOP to give Foss the credits in question, the BOP would have acted properly in disregarding such a directive. Calculation of a prisoner's sentence, including credits, is a matter statutorily vested by Congress with the Attorney General, and by delegation, to the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons."). Therefore, "only the BOP and the Attorney General, and not the district court, are authorized to grant credit for time served under § 3585(b)." *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014). This does not mean a district court is without power to reduce a sentence to account for time already served in pretrial custody, but it must do so at the time of sentencing pursuant to U.S.S.G. § 5G1.3. *Cf. Pitman v. U.S. Bureau of Prisons*, No. 09-383-GFVT, 2011 WL 1226869, at *5 (E.D. Ky. March 30, 2011).

**III.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Foss's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the Court's docket.

This 14th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge